UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DUSTY FARLER,**

    **Plaintiff,**

    v.

                                            Civil Action 2:15-cv-2595
                                            Judge Edmund A. Sargus
                                            Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

    This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA").  (ECF No. 21.)   Plaintiff moves for attorney fees as a result of the Court's decision to remand.   (ECF No. 19.)   Plaintiff seeks attorney fees in the amount of $6,639.84 and an award of expenses totaling $200.00.   For the reasons that follow, the Undersigned **RECOMMENDS** that the Court **GRANT** in part and **DENY** in part Plaintiff's Motion.

**I.**

    Plaintiff filed this action on July 9, 2015, seeking review of an adverse decision of the Commissioner of Social Security ("Commissioner").   On October 19, 2015, Plaintiff filed his Statement of Specific Errors, asserting that the Administrative Law Judge's ("ALJ") determination that he does not meet the criteria for his intellectual impairment was not supported by substantial evidence because the ALJ erred in assessing whether he had the required deficits in adaptive functioning.   (ECF No. 13.)   Thereafter, the parties jointly moved to reverse the

final decision of the Commissioner and for remand, which the Court granted. (ECF Nos. 18 and 19.)

On March 8, 2016, Plaintiff filed the instant Motion seeking an award of attorney fees and expenses under the EAJA. (Pl.'s Mot. 1, ECF No. 21.) Plaintiff contends that, as the prevailing party, he should receive a cost of living adjusted attorney fees of $184.46 per hour and paralegal fees of $80.00 for a total of $6,639.84 in EAJA fees. (*Id.*) In support, Plaintiff attaches the 2015 Consumer Price Index ("CPI"), as well as the billing records for the case. (CPI Calculation, ECF No. 22–2; Ledger, ECF Nos. 22–3, 22–4, 22–5, 22–6.)

Defendant does not contest whether Plaintiff is entitled to an award of fees and expenses under the EAJA. Defendant, however, does request that Plaintiff's attorney fees and costs be reduced from the amount requested. (Def.'s Opp. 1–2, ECF No. 23.) Defendant asserts that Plaintiff's request unjustifiably exceeds the $125.00 per hour attorney fee limit under the EAJA because Plaintiff does not provide any additional justification for the increase outside of the Department of Labor's CPI. (*Id.*) Furthermore, Defendant asserts that Plaintiff's request for $200.00 in expenses for the reimbursement of counsel's *pro hac vice* admission fee is unreasonable because Plaintiff provides no evidence as to why Defendant should pay for counsel's admittance. (*Id.*)

In response to Defendant contesting the amount of attorney fees and expenses requested by Plaintiff, Plaintiff reasserts that the requested attorney fee award is in line with similarly situated attorneys in the community and agrees to bear the $200.00 in expenses. (Pl.'s Reply 1–2, ECF No. 25.) Plaintiff attaches an affidavit from Shannon Bateson, an attorney who practices in the United States District Court for the Southern District of Ohio, affirming the reasonableness of the fees and includes a declaration of counsel's firm's experience. (Bateson

2

Aff., ECF No. 25–1; Olinsky Dec., ECF No. 25–3.) Plaintiff also attaches a 2010 study from the Ohio State Bar Association showing that the median hourly billing rate for private practitioners was $200.00 per hour in 2010. (Economics of Law Practice in Ohio 9, ECF No. 25–2.) Lastly, Plaintiff cites a number of cases from both the Southern District of Ohio and the United States Court of Appeals for the Sixth Circuit allowing a cost of living adjustment in excess of the statutory cap on attorney fees under the EAJA. (Pl.'s Reply 2–7, ECF No. 25.)

## II.

The EAJA provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Accordingly, a party will generally be entitled to attorney fees under the EAJA when he or she is the prevailing party and the government's position was not substantially justified. *See Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129–30 (6th Cir. 2007) (outlining requirements under the EAJA). The Commissioner "bears the burden of demonstrating that its position was substantially justified." *Pickering v. Mukasey*, 306 F. App'x. 246, 247 (6th Cir. 2009).

The EAJA limits recovery of attorney's fees to $125 per hour unless the court concludes that the circumstances justify a higher rate:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of

3

qualified attorneys for the proceedings involved, justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). In analyzing the EAJA, the Sixth Circuit has emphasized that the "statutory rate is a ceiling and not a floor." *Chipman v. Sec'y of Health & Hum. Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Furthermore, "[i]n requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Accordingly, the Sixth Circuit has held that "Plaintiffs must 'produce satisfactory evidence─in addition to the attorney's own affidavits─that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

In determining the appropriate rate, the Court may allow for a cost of living adjustment to justify an award in excess of $125 per hour. *See Begley v. Sec'y of Health & Hum. Servs.*, 966 F.2d 196, 199 (6th Cir. 1992). The determination of whether a cost of living increase justifies a fee in excess of the $125 rate is left to the Court's discretion. *Id.* It is not sufficient, however, that a party submit only the Department of Labor's CPI and argue that inflation justifies an increase in fees. *Bryant*, 578 F.3d at 450.

### III.

Plaintiff seeks an award of attorney fees on $6,639.84 under the EAJA. (ECF Nos. 21, 25.) The Undersigned concludes that Plaintiff has produced satisfactory evidence that his counsel's requested rate comports with prevailing rates in the community. *Bryant*, 578 F.3d at 450. Although Plaintiff initially only submitted a copy of the CPI reflecting a November 2015 adjusted EAJA attorney fee rate of $184.46 per hour as support, he provides sufficient support in Plaintiff's Attorney's Reply Brief in Support of the Motion for Attorney's Fees to justify an

increase from the base EAJA attorney fee rate. (ECF No. 22–2.) In his Reply, Plaintiff submits an affidavit from Shannon Bateson, an attorney admitted to practice in this Court who practices Social Security Disability law, who avers that attorneys "are generally not willing to accept representation of Social Security claimants in federal court at an hourly rate of $125.00 for, or anything that is much less than the $184.46 per hour which is the current EAJA hourly rate based on the Consumer Price Index – Midwest Urban." (Bateson Aff. 2–3, ECF No. 25–1.) Additionally, Plaintiff submits a 2010 study conducted by the Ohio State Bar Association that found the median hourly billing rate for attorneys in Ohio was $200.00 per hour. (Economics of Law Practice in Ohio 9, ECF No. 25–2.) Finally, Plaintiff notes that this Court has permitted a cost of living increase to EAJA attorney fees up to $185.15 per hour. *Dulin v. Colvin*, No. 3:14cv00288, 2015 WL 7571839, at *1 (S.D. Ohio Nov. 24, 2015). The Undersigned finds that the foregoing evidence sufficiently supports Plaintiff's counsel's requested rate increase.

## IV.

Plaintiff has provided satisfactory evidence to support his counsel's requested rate of $184.46 per hour and has agreed to forego the originally requested $200.00 in expenses. (ECF No. 21.) It is, therefore, **RECOMMENDED** that the Court **GRANT** Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act and **AWARD** Plaintiff attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, in the amount of $6,639.84. It is further **RECOMMENDED** that the Court **DENY** Plaintiff's Motion with respect to Plaintiff's request for $200.00 in expenses.

Finally, Plaintiff includes a Waiver of Direct Payment of EAJA fees requesting that any attorney fees be awarded directly to Plaintiff's counsel. (ECF No. 22–7.) In *Astrue v. Ratliff*, 560 U.S. 586 (2010), a social security case considering the Commissioner's payment of attorney's

fees under the EAJA, the United States Supreme Court held that "a § 2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy pre-existing debt that the litigant owes the United States." 560 U.S. at 589. The *Ratliff* Court noted that "the Government has since continued the direct payment practice only in cases where the plaintiff does not owe a debt to the [G]overnment and assigns the right to receive the fees to the attorney." *Id*. at 597 (internal quotation marks omitted).

Here, the Court is unaware of whether Plaintiff owes a debt to the United States. Thus, the Undersigned finds that under *Ratliff*, the proper course is to award fees directly to Plaintiff and remain silent as to the direction of those fees. *See Simpson v. Astrue*, No. 3:09-cv-143, 2010 WL 5088128, at *5 (S.D. Ohio Nov. 17, 2010) (Merz, M.J., Report and Recommendation subsequently adopted) (quoting *Preston v. Astrue*, No. 3:08-cv-991, 2010 WL 3522156, at *2 (M.D. Fla. Sept. 8, 2010) ("Because it is not known in the present case whether or not Plaintiff owes a debt to the United States, '[i]n light of *Ratliff*, . . . it [is] a better practice to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award.'"). The Undersigned notes, however, that if Plaintiff does not owe such a debt to the United States, the Government should honor an assignment of Plaintiff's EAJA fees to his counsel. *See Ratliff*, 560 U.S. at 599 (Sotomayor, J., concurring) ("[T]he litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract."); *Bishop v. Astrue*, No. 3:08CV00375, 2010 WL 4279185, at *4 (S.D. Ohio Sept. 29, 2010) (Ovington, M.J., Report and Recommendation subsequently adopted) ("The Government retains the discretion and authority to determine whether Plaintiff owes a debt to it . . . . If no such unpaid debt exists, or if

6

the EAJA fees remain after a government offset, there appears no reason on the present record for the Government not to honor Plaintiff's assignment . . . .").

## VIII.   PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: May 6, 2016

/s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge